**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| DENISE X. TEAGUE,<br><br>          Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br><br>          Defendant. | Case No. 2:14–cv–00505–GMN–VCF<br><br>**REPORT AND RECOMMENDATION** |

This case involves judicial review of an administrative action by an Administrative Law Judge ("ALJ") of the Social Security Administration denying Plaintiff Denise Teague's application for supplemental social security income pursuant to Title II of the Social Security Act. Before the court is Plaintiff's Motion for Reversal or Remand (#14[1]). In response, Colvin filed a Cross Motion to Affirm and Response to Plaintiff's Motion for Reversal and/or Remand (#15). This action was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. For the reasons stated below, the court recommends that the Plaintiff's Motion for Reversal or Remand (#14) be denied and the Defendant's Motion to Affirm (#15) be granted.

**STANDARD OF REVIEW**

Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). As such, the Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Thus, where the ALJ of Social Security

---

[1] Parenthetical citation refers to the Court's docket number.

renders a final decision denying a claimant's benefits, the Social Security Act authorizes a Magistrate Judge from the District Court to review the ALJ's decision. *See* 42 U.S.C. § 405(g); *See also* 28 U.S.C. § 636(b).

The District Court's review is limited. A court "may reverse the ALJ's decision to deny benefits only if it is (1) based upon legal error or (2) is not supported by substantial evidence. *Bayliss v. Barnhardt*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citations omitted). Substantial evidence is more than a mere scintilla but less than a preponderance. *Id*. Additionally, substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). When an ALJ's decision is supported by substantial evidence his decision must be upheld. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). Where the evidence has more than one rational interpretation, we must defer to the ALJ's decision as the ALJ is responsible for determining credibility and resolving ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (citations omitted); *Meanel v Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1990). This standard prohibits the court from asserting its own interpretation of the evidence over the ALJ's. *Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190 (9th Cir. 2004).

## DISCUSSION

Teague's Motion to Remand presents one question: whether or not the ALJ's determination that Teague is not disabled is supported by substantial evidence and free of legal error. Plaintiff Teague bases her appeal on one ground: that the ALJ impermissibly rejected Dr. Lagstein's examining opinion and his decision lacks requisite support of substantial evidence. (# 14). Viewing the record as a whole, this court must independently determine whether the ALJ's decision is free of legal error and supported by substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted); *Walker v. Mathews*, 546 F.2d 814, 818 fn 6 (9th Cir. 1976) (citations omitted). After reviewing the

2

record, the court concludes the ALJ's decision is supported by substantial evidence and free of legal error.

In matters concerning the denial of Social Security benefits, the ALJ has a duty to consider all information presented in the matter. *Robbins v. Social Sec. Admin*., 466 F.3d 880 (9th Cir. 2006). While the ALJ must consider all evidence, he is permitted to allocate weight based on the merits of evidence and facts presented at trial. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (citations omitted); *Meanel v Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1990). Here, the ALJ reviewed the evidence and determined that while the Plaintiff suffers from, among other things, severe impairments of chronic obstructive pulmonary disease (COPD) and substance abuse, she is not disabled under 1614(a)(3)(A) of the Social Security Act. (AR 16). The Appeals Council reviewed the ALJ's decision, and also found no basis for overturning the decision. (AR 1-7).

The record before the court confirms that Teague is not disabled. Medical evaluations presented to the ALJ show Plaintiff Teague is not disabled despite diagnosed illnesses. According to the medical assistant, at the time of the Teague's examination, she did not seem to be acutely or chronically ill. (AR 610).

Throughout the record, medical professionals indicate that Teague is able to sit comfortably for long periods of time without shifting. (AR 382, 393, 537). Dr. Bahbak Adrangi, M.D., concluded that Teague would be able to sit for eight (8) hours in an eight hour workday. (AR 540). If needed, standard breaks and lunch would provide sufficient relief for Teague to alternate between sitting and standing. *Id*. The record is replete with findings that Teague has relatively normal movements, though she may require a cane for ambulation. (AR 382, 393, 537, 539, 612).

After reviewing the evaluations, the ALJ gave reduced weight to Dr. Hakimpour's report, which found no limitations except for those related to COPD, and greater weight to Dr. Adrangi's report,

3

which assessed limited light limitations. (AR 21 and 385). Dr. Zev Lagstein, M.D. found that Teague could work physically. (AR 609-620). Dr. Lagstein found that Teague could sit for eight hours in an eight hour day and that she could walk and stand for two hours in an eight hour day. (AR 614). Plaintiff argues, there is no evidence that Ms. Teague can stand for more than two hours or walk for more than two hours in an eight hour work day. (#14 at 9). However, Dr. Hakimpour asserted that Teague could stand and or walk for eight hours in an eight hour day. (AR 384). Dr. Adrangi concluded that Teague could stand or walk for six hours in an eight hour workday. (AR 539). As a result, there is support in the record for the ALJ's determination. Moreover, none of the evaluations in the record indicated Teague was disabled.

Teague argues that the ALJ improperly discounted Dr. Lagstein's opinion because he is an examining physician whose opinion cannot be ejected by a non-examining physician's opinion. (#14 at 5-9). The court does not agree with this argument, rather an ALJ has discretion to consider opinions and accord weight in relation to the record as a whole. *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989). The ALJ may disregard the opinion of a treating physician. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). An ALJ may also accept a physician's findings and still reject her conclusion. *Magallanes*, 881 F.2d at 754. When a treating physician's opinion is contradicted by independent clinical findings "it is solely the province of the ALJ to resolve the conflict. *Andrews*, 53 F.3d at 1041. "Where, as here, the treating physician's opinion is contradicted by a non-treating physician's opinion that is supported by independent clinical findings, the non-treating physician's opinion may constitute substantial evidence for discrediting the treating physician's opinion." *Zlotnikov v. Barnhart*, 28 Fed.Appx. 699, 700 (9th Cir. 2002). The ALJ properly relied on substantial evidence supported by the record.

4

Plaintiff Teague is also not disabled based on her mental capacity. Plaintiff underwent a mental health evaluation with Dr. Sheetal Sheth on November 30, 2009. (AR 390-98). There, Teague admitted she is a recovering alcoholic and has a prior history of drug use. (AR 391-92, 486). Teague often used alcohol as a coping mechanism for her depression. *Id*. Dr. Sheth diagnosed Teague with major depressive disorder, dysthymic disorder, alcohol dependence, and panic disorder. *Id*. Dr. Sheth concluded that Teague had a fair ability to function successfully in a work environment. (AR 396).

Dr. Fabella-Hicks, psychologist, similarly concluded that Teague could function in a work environment that does not require her to stand provided she continued her treatments. (AR 490). Essentially, multiple psychological physicians concluded that Teague did not suffer from mental impairments severe enough to prevent her from working. (AR 404-17, 516-531, 554-567).

Although Teague suffers from limitations, her initial reason for leaving the workforce was because her employer terminated her on November 30, 2008. (AR 223 and 392). On December 1, 2008, Teague concluded that her ailments no longer permitted her to work. (AR 223). In 2009 and 2010, Teague articulated that she did not wish to return to work. (AR 393 and 487). Instead of working, Teague spends her time watching television, talking on the phone, feeding and walking her dog, preparing meals, and washing dishes. (AR 231-234 and 395). Teague uses public transportation, manages finances, vacuums, reads, gambles, and swims in a pool. *Id*. Plaintiff also reported in 2010 that she normally takes walks with her husband. (AR 449). Plaintiff Teague reported to Dr. Fabella-Hicks that she plays cards and games. (AR 487). In terms of hygiene, Teague reported she maintains her personal hygiene (AR 395). The ALJ considered the foregoing factors in addition to the physical and mental evaluations in making his determination.

After the ALJ reviewed the record he found that the Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of light work; the Plaintiff could lift and/or carry ten pounds

frequently, 20 pounds occasionally; could sit, stand and/or walk for six hours in an eight hour work day; and could perform other postural activities occasionally; excluding climbing ladders, ropes and scaffolds; and must avoid concentrated exposure to hazardous machinery, unprotected heights, and operational control of moving machinery. (AR 18). It is the responsibility of the ALJ to determine RFC.

The ALJ, not the reviewing court, has the responsibility of determining a claimant's RFC. *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) (citations omitted); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). The ALJ is tasked with resolving conflicts in evidence and when evidence can support either outcome, the court is prohibited from substituting its judgment for the ALJ's. *Id.* Here, the ALJ reviewed the physicians' evaluations. After reviewing Dr. Hakimpour's report the ALJ gave the report reduced weight. Dr. Haimpour's report found no exertional limits. The ALJ gave significant weight to Dr. Lagstein's report.

Beyond that, the ALJ reduced Teague to light level exertion whereas Dr. Lagstein recommended medium exertion. The ALJ has not completely disregarded Dr. Lagstein's opinion as suggested by defense counsel. (# 14 at 5-9). To the contrary, the ALJ gave the report significant weight but deviated slightly from the conclusion of the report in a manner that is consistent with the record and within the discretion of the ALJ. *Bowen*, 881 F.2d at 750; *Apfel*, 172 F.3d at 1113. While the ALJ deviated from the conclusion of Dr. Lagstein, it should be noted he did so in a manner more favorable to Plaintiff Teague.

For the reasons set forth above, the court finds sufficient support for the ALJ's determination. Multiple reports deem Teague clear to perform light labor at the very least, some even clear Teague for medium labor. Teague's evaluations and her activities in conjunction are substantial evidence which support the ALJ's conclusion.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Denise Teague's Motion for Reversal or Remand (#14) be DENIED.

IT IS FURTHER RECOMMENDED that the ALJ's findings are supported by substantial evidence and free from reversible legal error, as a result, it is recommended the Commissioner's Cross Motion to Affirm (#15) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 4th day of November, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE